**Evle K. KENNEDY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49684.**

Court of Criminal Appeals of Texas.

March 26, 1975.

Rehearing Denied April 16, 1975.

George Street, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm and H. Jay Ethington, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for murder without malice under the provisions of Article 802c, Vernon's Ann.P.C. The punishment is imprisonment for five years. The appellant complains that the court erroneously admitted in evidence prior acts of his intoxication and that comments made by the prosecutor in his jury argument constitute reversible error.

■ In his first ground the appellant argues it was error to permit the state to cross-examine the appellant on collateral acts of intoxication. While he was being cross-examined the appellant testified that he had had five cans of beer between 12:00 noon and 3:30 p. m., the time when his automobile struck and killed a young girl. He also testified he did not feel that he was intoxicated at the time. The prosecutor then asked him if he had ever been intoxicated. Objection to that question was overruled, and the appellant said he had never been intoxicated. He was then asked if he was intoxicated on the 13th day of June, 1964, and the 3rd day of July, 1965. His answers to both questions were: "They said I were, but I wasn't." The cross-examination about this matter was then terminated. The objection made at the time of trial was that the appellant could not be asked these questions because he was not an expert and because he did not know the definition of intoxication. The appellant in his ground of error on appeal has enlarged and changed his objection. He now argues that the prosecutor improperly elicited admission of specific acts of prior misconduct. Even if the trial objections had been the same as that now made on appeal no error would be shown. The questions and answers did not show that the appellant was guilty of any offense or misconduct. After the appellant testified that he had never been intoxicated although he had consumed five cans of beer before he hit the child the questions which followed were within the bounds of proper cross-examination. See Hoffman v. State, 514 S.W.2d 248 (Tex.Cr.App. 1974). This ground of error is overruled.

■ In the second ground the appellant asserts the court erred by permitting the state during closing arguments to misquote testimony concerning a material point. The argument complained of was that: "If he had been going 30 or less he could have stopped." The appellant had testified he was driving at between 30 and 35 miles per hour. Officer Holt testified that: "You can't stop at 30 miles an hour in 24 feet, and that's the width of Wilhurt [Street]." The officer was not asked if a car traveling 30 miles per hour at the intersection of

Wilhurt and Tacomas Streets could have stopped before reaching the point of impact which was 165 feet from the intersection. The officer testified that the appellant's car before coming to a stop left skid marks of 75 feet before and 51 feet after the point of impact. Both the eyewitnesses and the officer testified the appellant was traveling 50 miles an hour. If, while traveling 50 miles an hour, he stopped after skidding 126 feet it would be logical inference from the evidence to expect a car traveling 30 miles per hour at the intersection could have stopped within 165 feet before reaching the point of impact. We do not find the argument was improper in view of the evidence. This ground of error is overruled.

In the remaining ground the appellant says: "It was fundamental error for the state to argue to the jury the effect that if the state had not proved their case the judge would have so instructed them." The prosecutor's argument was that: "I can say this. If we haven't brought at least some evidence on all the elements of this offense there would have been an instruction from the judge to the effect that we have not proven our case." The court sustained the appellant's objection and instructed the jury to disregard it, but the appellant did not move for mistrial. The argument made was highly improper and if properly preserved would have been reversible error. However, when the court instructed the jury to disregard the comment the appellant received all of the relief he requested, and no adverse ruling of the court is presented for review. Garcia v. State, 513 S.W.2d 559 (Tex.Cr.App.1974). Cf. Barrera v. State, 491 S.W.2d 879 (Tex.Cr.App.1973); Harris v. State, 475 S.W.2d 922 (Tex.Cr.App.1972). This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.