Lawrence A. JARRETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00498–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 17, 1991.

was the best evidence of what occurred at the examining trial.

Yardley Kennedy, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Asst. Harris County Dist. Atty., for appellee.

Before TREVATHAN, C.J., and O'CONNOR and COHEN, JJ.

## OPINION

COHEN, Justice

A jury convicted appellant of possession of less than 28 grams of cocaine, found two enhancement paragraphs true, and assessed punishment at 44 years confinement.

Appellant contends in the first point of error there is insufficient evidence to show he knowingly possessed cocaine because there was no visible cocaine in the crack pipe he possessed when arrested.

In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict, and deter-mine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

Officer Rodriguez arrested appellant on February 5, 1990, while executing a search warrant at a house. In the preceding month, police had received a complaint of drug activity there, and police bought drugs there on January 22. When arrested, appellant was holding a metal crack pipe in his hand and trying to conceal it in his pocket. Rodriguez saw cocaine residue in the pipe. Rodriguez testified crack pipes were distinguishable from tobacco pipes because they were usually made of car antenna type material or glass tubes. During the raid, some others were arrested and a total of three crack pipes were seized.

A chemist analyzed the pipe's contents and found two milligrams of cocaine. The chemist testified he found no visible cocaine on the pipe. The chemist also testified that one milligram consists of about 10 grains of sugar of an average size, and "two milligrams would be about the same as a dusting of sugar grains that you would see."

■■■ If the controlled substance can be seen and measured, the amount is sufficient to establish the accused knew it was a controlled substance. *Thomas v. State,* 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, no pet.) (defendant possessed .8 milligrams cocaine in a plastic bag); *Manuel v. State,* 782 S.W.2d 335, 337 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd) (defendant possessed 2.2 milligrams cocaine in a plastic bag). Rodriguez testified he saw the residue inside the crack pipe. The jury was the sole judge of the credibility of the witnesses and was able to accept or reject any part or all of any witness' testimony. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978). The jury was free to believe Rodriguez' testimony that the cocaine was visible. *See id.* Here, appellant possessed the cocaine inside a crack pipe, which is drug paraphernalia, and tried to hide it from police, both acts indicating guilty knowl-

edge. TEX. HEALTH & SAFETY CODE ANN. § 481.002(17)(L) (Vernon Pamph.1991). Viewing the evidence in the light most favorable to the verdict, there was sufficient evidence to support appellant's conviction. *See Butler,* 769 S.W.2d at 239.

The first point of error is overruled.

Appellant contends in his second point of error the prosecutor injected harmful and prejudicial facts into evidence by her comments during closing argument.

During closing argument, the prosecutor referred to the location of appellant's arrest and asked, "Where was he? He was in a crack house where people were arrested for smoking crack." Appellant objected the comment was outside the record, and the prosecutor contended it was in the record. The court stated he could not remember whether it was, or was not, in the record, but admonished the jury to remember the evidence as they heard it, and disregard the statement if it was not in evidence. Appellant did not request a mistrial or any further relief.

The prosecutor then stated,

"Ladies and Gentlemen, just to refresh your memory and defense counsel as well. In response to his own question, he asked whether there were any other crack pipes recovered on that night. If you recall, Officer Anderson suggested there were three. So, there were other people arrested for that very same thing. There were people in that house selling, using and smoking crack cocaine. How could you possibly—."

Appellant again objected the argument was outside the record, and the court agreed that he did not remember evidence other than that of the crack pipes. Appellant did not request any further relief.

■ When the court instructs the jury to disregard and appellant does not move for a mistrial, appellant has received the relief he has requested and no adverse ruling of the court is presented for review. *Kennedy v. State,* 520 S.W.2d 776, 778 (Tex.Crim. App.1975). This is true even when the argument would have been reversible error if properly preserved. *Id.* Appellant re-

ceived the relief he requested and did not receive an adverse ruling from the court on his objections; therefore, he did not preserve error regarding these comments.

■ Appellant also contends the prosecutor's comments during argument about Officer Rodriguez' credibility were error. The prosecutor said,

"Another thing I want to bring out to you: How could you not believe Officer Rodriguez? I mean why in the world would he come in here and testify to something like this that wasn't the truth? What would be his motive? I mean if that man took the stand and perjured himself, he risks losing his job, his pension, everything he has worked for."

Appellant did not object to these comments; therefore, nothing is preserved for review. TEX.R.APP.P. 52(a)

■ By overruling this point of error, we do not approve of the prosecutor repeatedly arguing facts outside the record. Even though there was no evidence that others in the house were selling, using, or smoking cocaine, the prosecutor twice stated this was so. In a close case where error is preserved, such overkill could require reversal.

The second point of error is overruled.

The judgment is affirmed.

O'CONNOR, Justice, dissenting.

I dissent from the majority's resolution of point one. In point one, appellant contends there is insufficient evidence to show he knowingly possessed cocaine because there was no visible sign of cocaine in the crack pipe he possessed when arrested.

To resolve this point, we must compare the testimony of Officer Rodriguez and the chemist: Officer Rodriguez said he saw cocaine residue on the pipe; the chemist testified he found no visible cocaine on the pipe. Thus, whatever Officer Rodriguez saw on the pipe, it was not cocaine residue. The only cocaine found was *inside* the pipe.

The majority says that Rodriguez testified he saw the residue inside the crack pipe. His testified as follows:

Q: But you do know, you can tell the jury he wasn't smoking crack cocaine when you came through that door; is that right?

A: When I saw him, he was not smoking.

Q: Now, this pipe that he had, or allegedly had, was there a visible amount of cocaine in it?

A: There was some residue in there.

Q: Okay. Residue?

A: Yes.

Q: We are not talking about a rock being in the pipe, are we?

A: No.

Q: You're not talking about something you can see with your eyes in terms of it being identifiable as crack cocaine or cocaine being in the pipe?

A: To my experience, you can tell it's residue.

.　　.　　.　　.　　.

Q: What is residue?

A: It's what's left over after they smoke the cocaine.

Q: So, when the actual crack or cocaine is gone, by definition, that's what the residue is, is that right?

A: No, it's not gone.

The chemist from the HPD testified as follows:

Q: Okay. So, those 2 milligram of cocaine were spread out, crack cocaine, pure cocaine, whatever, was spread out over the entire length of this pipe, inside and out. I mean, it wouldn't have been visible to the naked eye?

A: Generally, no. If it had been visible, I would have made a note to that effect.

Q: Okay. So, for you to be able to determine that there was crack cocaine on this pipe, you have to resort to scientific analysis; is that correct?

A: Yes, sir.

The majority says the jury was free to believe Rodriguez' testimony that the cocaine was visible. I disagree on this record. When the State's own witness, an expert, testified that there was no cocaine residue on the outside, we must conclude that whatever the officer saw on the outside was not cocaine or its residue.

Recall that the amount of cocaine found inside the pipe was two milligrams, the equivalent of 10 grains of sugar. The following amounts of controlled substances have been held sufficient to convict for possession: 23.8 milligrams, *Huff v. State*, 630 S.W.2d 711, 713 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd); 9.5 milligrams, *Simpson v. State*, 668 S.W.2d 915, 918 (Tex.App.—Houston [1st Dist.] 1984, no pet.); 3.9 milligrams (0.4 in a syringe and 3.5 milligrams in a bag), *Lavigne v. State*, 782 S.W.2d 253 (Tex.App.—Houston [14th Dist.]), *aff'd*, 803 S.W.2d 302 (Tex.Crim. App.1990); 3.2 milligrams, *Kent v. State*, 562 S.W.2d 855, 856 (Tex.Crim.App.1978); 2.2 milligrams, *Manuel v. State*, 782 S.W.2d 335, 337 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); 1.7 milligrams, *Tomlin v. State*, 170 Tex.Crim. 108, 338 S.W.2d 735, 737 (1960); 0.8 milligrams, *Thomas v. State*, 807 S.W.2d 786 (Tex. App.—Houston [1st Dist.] 1990, no pet.); 0.3 milligrams, *Alejandro v. State*, 725 S.W.2d 510, 515 (Tex.App.—Houston [1st Dist.] 1987, no pet.).

In *Coleman v. State*, 545 S.W.2d 831, 835 (Tex.Crim.App.1977), the Court of Criminal Appeals held that 5.06 milligrams was insufficient to support a conviction.[1] Thus, of the above cases, any amount less than 5.06 milligrams is probably suspect. Here we have two milligrams. If 5.06 milligrams was not enough to sustain a conviction, two milligrams is also inadequate.

The effect of the majority's holding today is that a minute amount of drug, fixed to the inside of drug paraphernalia, incapable of being seen by the eye, which must be washed in a chemist's lab to dislodge the equivalent of 10 grains of sugar, is enough to charge a defendant with possession. On this record, the State should have charged defendant with possession of drug paraphernalia, not the cocaine itself. TEX.

---

1. In *Coleman,* the defendant was found with 5/28,000 of an ounce, which is the equivalent of 5.06 milligrams. The formula is 5/28,000 oz. = .000178571 oz.; .000178571 oz./1 × 1 mg./.00003527 oz. = 5.06 mg.

HEALTH & SAFETY CODE ANN. § 481.125 (Vernon Pamph.1991).

I would reverse.