John JOSEPH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01205–CR.

Court of Appeals of Texas,
Houston (1 Dist.).

Oct. 21, 1993.

282

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., J., Harvey Hudson, Jeff Laird, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

WILSON, Justice.

Appellant, John Joseph, was convicted after a trial before the court of the offense of possession of less than 28 grams of cocaine. After pleading true to two enhancement paragraphs, the court assessed punishment at 25–years confinement in prison. Appellant's sole point of error is that the evidence is insufficient to show he knowingly or intentionally possessed a controlled substance. We reverse.

On July 17, 1992, Houston Police Officers Ronald Huseman and Robert Huseman were on a routine patrol in the 2300 block of Harlem. At approximately 5:30 p.m., they came upon what they described as an abandoned crack house. The officers knew from previous experience the house was frequented by vagrants and drug users. The officers stopped their car and entered.

Once inside, they entered a bedroom and saw several people who appeared to be injecting drugs. Two of these people were drawing what the officers believed to be cocaine from the tops of coke bottles. Appellant was holding a needle [1] in his hand and the officers testified he appeared to be about to inject himself with cocaine.

The officers ordered the suspects to drop what they held. Appellant dropped the syringe. He was then placed under arrest. Officer Robert Huseman recovered the syringe.[2] He said that the syringe was in a "closed position," which was later stated to mean any contents of the syringe had been shot. Neither officer saw the syringe being used. Neither officer testified to seeing any contents being ejected outside appellant's person or seeing needle marks on appellant. Officer Robert Huseman testified that he was unable to see anything in the syringe. Officer Ronald Huseman testified that he could

---

1. The officers testified appellant was holding a needle. Later, the officers described what the appellant possessed as a syringe. We assume a syringe with a needle attached is an accurate description.

2. The coke bottle tops, which the officers testified seeing, were not recovered or admitted into evidence, nor was there any proof at trial that the tops contained cocaine.

not remember whether any cocaine or cocaine residue was visible in the syringe.

Claudia Bushy, a chemist with the Houston Police Department, analyzed the contents of the syringe and testified that it contained 0.2 milligrams of pure cocaine. She did not testify whether any cocaine was visible in the syringe.

Appellant denied ever having a syringe in his hand. He also denied knowledge that there was cocaine in the syringe that the police attributed to him.

■ In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virgina,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App. 1990). The State must show (1) that the accused exercised care, custody, control, and management over the contraband; and (2) that the accused knew the matter possessed was contraband in order to prove possession of a controlled substance. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988).

■ This Court has previously held if a substance can be seen and measured, that amount is sufficient to establish that the appellant knew it was a controlled substance. *Mayes v. State,* 831 S.W.2d 5, 6 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Thomas v. State,* 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991), *pet. dism'd, improvidently granted,* 840 S.W.2d 958 (Tex.Crim. App.1992). Visibility means that the substance or its residue is seen, or the substance is capable of being seen. *Daniels v. State,* 853 S.W.2d 749, 751 (Tex.App.—Houston [1st Dist.] 1993, no pet.). In this case, neither officer testified that he could see cocaine or cocaine residue. The chemist also did not testify whether she saw cocaine or cocaine residue in the syringe. There was also no testimony that 0.2 milligrams, the amount measured, was capable of being seen.

Officer Robert Huseman, the officer who recovered the syringe, testified as follows:

Q. When you recovered [the hypodermic needle and syringe], did there appear to be any kind of substance in the hypodermic needle or was it empty in a closed position?

A. It was in—yes, it was in a closed position. You wouldn't be able to observe anything inside of it.

Q. So it appeared as if it had already been shot—the contents of it had already been shot in?

A. Right. I didn't see anything inside of it.

Officer Ronald Huseman was also unable to testify that he saw any cocaine or cocaine residue. His testimony was as follows:

Q. What exactly was [appellant] doing with the needle when he walked in?

A. I believe he had it ready to insert into his arm. Was kind of holding it like that. I don't believe he had it already inserted into his arm.

Q. At that time did there appear to be any amount of substance in the needle, in the syringe?

A. I can't remember if he had it in there or not.

The chemist did not offer any testimony regarding the visibility of the cocaine or cocaine residue. Her only testimony concerned the weight of the cocaine found, which was 0.2 milligrams. None of the witnesses were able to offer testimony that cocaine or cocaine residue was visible in the syringe, or that 0.2 milligrams was capable of being seen.

■ While 0.2 milligrams is the same amount of cocaine we found sufficient to support knowing possession of a controlled substance by this court in *Mayes,* 831 S.W.2d at 7, this case may be distinguished because no cocaine or cocaine residue was visible in the syringe found near appellant. In *Mayes,* this Court relied on the testimony of the officer and the chemist that there was residue visible in the crack pipe found on the defendant. The cocaine found in *Mayes* was capable of being seen and measured. *Id.,* at 6. The cocaine found in this case was capable only of being measured. No cocaine or residue could be seen with the naked eye. There is no testimony that the 0.2 milligrams

of cocaine in this case was capable of being seen. Measurable amounts of drugs seen or capable of being seen will support a charge of knowingly possessing a controlled substance. Therefore, the mere presence of the trace amounts of cocaine in the syringe will not alone establish that appellant knowingly possessed the cocaine.

The State urges reliance on *Patterson v. State,* for the premise that all of the evidence adduced should be examined to determine if the appellant knowingly possessed the contraband. 723 S.W.2d 308, 312 (Tex.App.—Austin 1987), *aff'd,* 769 S.W.2d 938 (Tex. Crim.App.1989). In *Patterson,* the police found a bag within defendant's reach containing cash, drug paraphernalia, and drugs. The bag was on the same table as the defendant's wallet and his gun boot. *Id.* at 310–11. There were six other people in the room. *Id.* The court in *Patterson* held that an examination of these surrounding circumstances was sufficient evidence to link the defendant to the drugs.

Appellant was found with a syringe as well as the top of a coke bottle, both of which are known to be drug paraphernalia. He was also found holding the syringe in an abandoned crack house, which the officers had identified as a place frequented by drug users. Relying on *Patterson,* the State argues that this evidence is sufficient to show appellant knowingly or intentionally possessed a controlled substance.

However, reliance on *Patterson* is misplaced. In *Patterson,* there was no question that there was an identifiable amount of drugs. *Patterson* addresses the issue of exclusivity of possession and joint control of a controlled substance. Visibility of the drug was not an issue in *Patterson* as it is in the case at hand. We are not asked to decide today whether the evidence was sufficient to link appellant to the cocaine. Rather, the issue we face is whether the evidence is sufficient to establish whether appellant knowingly possessed cocaine.

This Court was faced with a situation similar to appellant's in *Jarrett v. State,* 818 S.W.2d 847 (Tex.App.—Houston [1st Dist.] 1991, no pet.). In *Jarrett,* the officer testified to seeing visible cocaine residue in a crack pipe. *Id.* at 848. However, the chemist found no visible cocaine on the pipe. *Id.* We held that the combination of the officer's testimony that the cocaine was visible, the measurable quantities of cocaine, as well as the location of the cocaine in drug paraphernalia supported a finding that the accused knew the cocaine was a controlled substance. *Id.* at 848–49. *Jarrett* did not do away with the requirement that there must be a showing that the cocaine was visible.

The State has failed to make a showing that the cocaine was seen or capable of being seen in this case. Therefore, the State has not produced sufficient evidence to establish that appellant knew the syringe he possessed contained a controlled substance. Thus, there is not sufficient evidence to support appellant's conviction. We reverse the judgment of the trial court and render a judgment of acquittal.