Lawrence Victor JENKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01204–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 6, 1994.

Rehearing Overruled Feb. 24, 1994.

Winston E. Cochran, Jr., Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Terese Buess, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The appellant was found guilty by a jury of possession of a controlled substance. The court found two enhancement paragraphs true and assessed punishment at 50–years confinement and a $10,000 fine. We affirm.

**Summary of the Facts**

Detectives Moser and Merling went to a bingo parlor which they knew appellant fre-

quented. They were there to execute an arrest warrant on a separate charge. Once inside the bingo parlor, Detective Moser recognized appellant, approached him, and asked him to step toward the rear of the building. At the rear of the building, appellant was placed under arrest and escorted outside by the detectives. Appellant was then searched incident to his arrest. In appellant's right, front, pants pocket Detective Moser found a small tube containing a white powdery residue.

Detective Moser conducted a field test which indicated the tube contained cocaine. The tube was given to the crime lab for additional testing; where it was found to contain .33 milligrams of cocaine.

### Sufficiency of the Evidence

■ Appellant contends in his first point of error that the evidence was insufficient to prove possession. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 165 (Tex.Crim.App.1991). The entire body of evidence is reviewed to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime, and not just a plausible explanation of the crime. If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Id.; Glass v. State*, 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

■ In order to establish the unlawful possession of a controlled substance, the State is required to prove: (1) the accused exercised care, custody and control over the contraband, and (2) the accused knew the matter he possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988). The issue is whether the evidence will support a reasonable inference that the defendant knowingly possessed the contraband. *Jackson v. State*, 807 S.W.2d

387, 389 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

■ The tube containing cocaine was found by Detective Moser in appellant's right, front, pants pocket. *See Mayes v. State*, 831 S.W.2d 5, 7 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (defendant possessed cocaine inside a crack pipe in his front pants pocket); *Thomas v. State*, 807 S.W.2d 786, 788–89 (Tex.App.—Houston [1st Dist.] 1991), *pet. dism'd*, 840 S.W.2d 958 (Tex.Crim. App.1992) (defendant possessed cocaine on his person).

Secondly, both the detectives and the chemist observed a white powdery residue inside the tube. *See Sims v. State*, 833 S.W.2d 281, 284; (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (chemist observed residue in the cocaine pipe with the naked eye); *Mayes*, 831 S.W.2d at 7 (both officer and chemist observed cocaine residue); *Jarrett v. State*, 818 S.W.2d 847, 848 (Tex.App.—Houston [1st Dist.] 1991, no pet.) (officer observed residue inside crack pipe); *Thomas*, 807 S.W.2d at 787–88 (officer and chemist observed cocaine residue visible to the naked eye).

Finally, the police department's chemist measured the cocaine at .33 milligrams. Similar amounts have been found sufficient to support a conviction. *See Mayes*, 831 S.W.2d at 6 (0.2 milligrams); *Thomas*, 807 S.W.2d at 788 (0.8 milligrams); *Jarrett*, 818 S.W.2d at 848 (2 milligrams).

■ The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim.App.1981). The jury, as the judge of the facts and credibility of the witnesses, could choose to believe or not to believe the witnesses, or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The jury found the appellant guilty of possession of a controlled substance; therefore, they must have believed the testimony of the two detectives and the police department's chemist.

After reviewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the jury to find that the appellant knowingly possessed a controlled substance.

We overrule appellant's first point of error.

### Statement of the Law During Voir Dire

Appellant contends that the prosecutor misstated the law regarding the burden of proof during voir dire. Specifically, appellant claims the prosecutor made an improper comment about appellant's failure to call witnesses during the trial.

■■■ Appellant concedes that his attorneys did not object to the statement at trial, but states "as a matter of policy" the case should be reversed. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. Tex.R.App.P. 52(a) (Vernon Pamph.1993). When a party fails to effectively communicate to the trial court his desire, then reviewing courts should not hesitate to hold that appellant's complaints have been lost. *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992). Having failed to object to the prosecutor's statement during voir dire, appellant has preserved nothing for review.

We overrule appellant's second point of error.

### Ineffective Assistance of Counsel

■■■ The standard of review for effectiveness of counsel is gauged by the totality of the representation of the accused. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim. App.1980). The constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. Rather, the right to effective assistance of counsel means counsel likely to render reasonably effective assistance. *Ex parte Cruz*, 739 S.W.2d 53, 57–58 (Tex.Crim.App.1987). In order to obtain a reversal due to ineffective assistance, appellant must show that: (1) counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the sixth amendment; and (2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

■■■ Because of the difficulties inherent in an evaluation of counsel's performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy". *Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of law and facts relevant to plausible options are thus virtually unchallengeable. *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex.Crim.App. 1993), *cert denied*, —— U.S. ——, 114 S.Ct. 122, 126 L.Ed.2d 87 (1993). An error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980); *Pinkston v. State*, 744 S.W.2d 329, 333 (Tex. App.—Houston [1st Dist.] 1988, no pet.).

### 1. Revealing Appellant's Prior Criminal Record

■■■ Appellant's defensive strategy depended upon his taking the stand and refuting the arresting officers' testimony, and denying knowledge of the cocaine. By doing so, he subjected himself to impeachment with his prior criminal record. Defense counsel was aware of this and took steps to minimize any potential harm to his client. For instance, during voir dire, appellant's counsel informed the venire, "He is at some point going to take the stand, my client. His prior criminal history will come out." Counsel was simply attempting to empanel a jury that would not hold appellant's prior convictions against the appellant to determine his guilt, but only to determine his credibility.

The decision to inform the venire of appellant's four previous felony convictions, while perhaps risky, was a strategic one on the part of the defense counsel. We are unable to conclude that such a decision rendered

appellant's trial counsel's actions unreasonable at the time of trial.

## 2. Failure to Object to Voir Dire by the Prosecution

■ Appellant contends that trial counsel's failure to object to certain statements by the prosecutor during voir dire constitutes ineffectiveness. Specifically, appellant claims that the prosecutor misstated the law by the following:

> "We are all entitled to wonder why don't [sic] the State put on more witnesses? Why didn't the Defense put on more witnesses? You are entitled to discuss that."

When evaluating the reasonableness of counsel's strategic choices at trial, we must look at the totality of the circumstances. *Strickland*, 466 U.S. at 681, 104 S.Ct. at 2061. Appellant has taken the prosecutor's statements out of context. The statements about which appellant complains occurred in the following discussion:

> Prosecutor: Ms. ___, if the defendant did not take the stand, would you be able to judge just from the evidence heard or would you hold it against the defendant that he didn't take the stand?
>
> Perspective juror: I wouldn't hold it against the defendant, but something would go through my mind: What did he have to say? I mean.
>
> Prosecutor: I'm not saying you are not entitled to let that run through your head. We are all entitled to wonder why don't the State put on more witnesses? Why didn't the Defense put on more witnesses? You are entitled to discuss that. You are *not* entitled to hold it against the defendant if he chooses not to testify. The verdict has to be based upon the evidence that you heard from the stand and *not* what you didn't hear; okay? Would you be able to do that?

(Emphasis added.)

■ It is the general rule that the State may properly comment on a defendant's failure to call competent witnesses. *Carrillo v. State*, 566 S.W.2d 902, 913 (Tex.Crim.App. 1978). The prosecutor's statement was a proper statement of the law concerning the possibility that either party may fail to call competent witnesses during the trial.

After reviewing the record as a whole, the prosecutor did not misstate the law in her conversation with a venire member. Thus, trial counsel was not ineffective for failing to object to these statements because they were not objectionable.

## 3. Failure to Object to the Field Test

■ Appellant contends that the results of the field test are inadmissible, thus trial counsel's failure to object constitutes ineffective assistance of counsel. We disagree.

Regardless whether the results of a field test are admissible, any possible error brought about by a failure to object to such testimony was rendered harmless upon the testimony of the police department's chemist. *Hicks v. State*, 545 S.W.2d 805, 809–10 (Tex. Crim.App.1977). Since we evaluate the reasonableness of counsel's strategic choices at trial by looking at the totality of the circumstances, failure to object to the field test did not constitute ineffectiveness. *Strickland*, 466 U.S. at 681, 104 S.Ct. at 2061.

## 4. Failure to Move for an Instructed Verdict

■ As stated previously, the evidence was sufficient to support the jury's finding that appellant knowingly possessed a controlled substance. Consequently, failing to request an instructed verdict after the admission of sufficient evidence does not render counsel ineffective.

## 5. Failure to Object to the Jury Charge

Appellant claims that trial counsel should have objected to the jury charge given by the court. The appellant states that there was an improper definition of possession and improper definitions of intentionally and knowingly. Appellant cites no authority for these assertions. Nor does appellant state proper definitions Consequently, there is nothing presented for review. *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App.1980).

### 6. Argument Against the Appellant

 Appellant also claims that the trial counsel's closing argument was against appellant rather than for him. The particular portion of the argument is as follows:

Now, you know, saying to me that [appellant] didn't know he had cocaine on him is like saying, "Yes, I robbed the bank last night, but I can't remember that I did it. I forgot I robbed the bank, you know." I mean, this now is a man that is supposedly a hardened and seasoned criminal. And he doesn't remember that he's committing a crime.

I submit to you, ladies and gentlemen, that [appellant] did not have this cocaine in his possession.

Trial counsel was using sarcasm in an attempt to demonstrate the illogic of the State's case. If this were an error in trial strategy, it will only be deemed inadequate representation if there were no plausible basis for it. *Ex parte Burns,* 601 S.W.2d at 372; *Pinkston,* 744 S.W.2d at 333. This choice of strategy during closing argument does not constitute ineffective assistance of counsel.

We overrule appellant's third point of error.

Appellant's fourth point of error is another claim of ineffectiveness of counsel pursuant to TEX. CONST. art. I., sec. 10. Texas follows the two-prong approach of *Strickland. Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Consequently, for the reasons already discussed, we overrule appellant's fourth point of error.

### Trial Court Assessed Punishment not Authorized by Law

Appellant contends that the trial court assessed a punishment not authorized by law. The trial court found two enhancement paragraphs true and assessed punishment in accordance with TEX.PENAL CODE ANN. § 12.-42(d) (Vernon Supp.1993) at 50-years confinement. The court also assessed a $10,000 fine, which is not authorized under this paragraph, but under TEX.PENAL CODE ANN. § 12.42(c) (Vernon Supp.1993). Thus, appellant requests that we remand this case for a new punishment hearing. A new hearing is not necessary. We reform the judgment in accordance with TEX.R.APP.P. 80(b)(2), and remove the fine from the judgment. *Ex parte Youngblood,* 698 S.W.2d 671, 672 (Tex. Crim.App.1985); *Reed v. State,* 795 S.W.2d 19, 21 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

We sustain appellant's fifth point of error and reform the judgment.

### Appellant's Sentence does not Constitute Cruel and Unusual Punishment

 Appellant claims the sentence he received violates the Eighth Amendment of the U.S. Constitution as cruel and unusual punishment. The range of punishment under TEX.PENAL CODE ANN. § 12.42(d), is a term not to exceed 99 years or less than 25 years. As the judgment is reformed, appellant is sentenced to 50–years confinement, a sentence specifically provided for in the penal code. Appellant argues that the 50–year sentence is "excessive" and that no one would agree that possession of such a small amount of cocaine (.33 milligrams) deserves such a severe punishment. We would agree; however, the trial judge disagreed and assessed punishment within the appreciable range. Just because a punishment might be excessive, does not make it cruel and unusual. *Samuel v. State,* 477 S.W.2d 611, 614 (Tex. Crim.App.1972); *Hall v. State,* 808 S.W.2d 282, 287–88 (Tex.App.—Houston [1st Dist.] 1991, no pet.).

We overrule appellant's sixth point of error.

We delete the fine from the trial court's judgment.

We affirm the trial court's judgment as reformed.

O'CONNOR, Justice, dissenting.

I dissent. I have nothing to add to this opinion about the law, having dissented in similar cases already. I refer the reader to those dissents. *Mayes v. State,* 831 S.W.2d 5, 7 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Jarrett v. State,* 818 S.W.2d 847, 849 (Tex.App.—Houston [1st Dist.] 1991, no pet.);

The facts of this case, however, impose a new twist on possession of trace amounts of

cocaine. In most of the cases heard by our court, the trace amount of cocaine is found inside some item of drug paraphernalia, most often a glass tube that is used to smoke the crack cocaine. *See, e.g., Mayes,* 831 S.W.2d at 6; *Jarrett,* 818 S.W.2d at 848. In other cases, the trace amount of cocaine is found inside a clear plastic bag, often used to sell and carry the crack cocaine.

Here, the trace amount of cocaine, 0.33 milligrams, was found inside a small plastic candy tube that was pink (not clear, like containers in many other trace cases). The officer described the tube as between one-half to two inches long, and about a quarter to one-half inch wide. The chemist testified that .33 milligrams of cocaine would appear in size to be about two grains of sugar. If the appellant had looked inside the tube and had seen a white powder, it would have been consistent with the original use of the tube.

The officers who made the arrest testified:

Q: (defense counsel) So, what you're saying is that he may not have remembered it [the plastic tube] and, therefore, did not throw it away [before the arrest]?

A: That's correct. Or he may not have known that I was there to arrest him, and he didn't feel threatened. **He may have thought the tube was empty** and he had no problems even if he did get searched.

(Emphasis added.)

Thus, even the police officer thought it was possible the appellant did not have the requisite intent to possess a controlled substance.

I would sustain point of error one and reverse and render.