Opinion issued June 13, 2002








 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00169-CR

____________


EDDIE BARTIE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court

Harris County, Texas

Trial Court Cause No. 838267






O P I N I O N

 Appellant, Eddie Bartie, pleaded not guilty to aggravated assault and not true
to an enhancement paragraph alleging a prior felony conviction for attempted murder. 
The jury found him guilty, found the enhancement paragraph true, and assessed
punishment at 60 years confinement and a $10,000 fine. In four points of error,
appellant complains of prosecutorial misconduct during the voir dire and jury
argument and argues that the evidence was factually insufficient to support his
conviction. We affirm.

Background


 On August 18, 1999, Sandra Lynn Bartie was visiting her mother, Ella
Chatman, when she answered Chatman's door. Chatman testified that she saw
appellant, Bartie's husband, at the door, and he shot Bartie with a handgun when she
opened the door. Despite Chatman's pleas, appellant shot Bartie in the cheek,
forearm, hand, and hip. She underwent surgery and stayed in the hospital for two
weeks. Bartie testified she did not remember any of the events surrounding the
shooting, and she could not identify her assailant.

 Leslie Holman testified that on August 18, 1999, appellant, an acquaintance she
had not seen for more than a year, came to visit. He told her he had shot his wife and
that his mother-in-law had witnessed the shooting. After appellant left, Holman
notified the police.

 Waiver


 In points of error two and three, appellant argues his conviction should be
reversed because the prosecutor conducted improper voir dire when she (1) used a
hypothetical fact situation too factually specific to the case at trial and (2) used
statements that had the effect of informing the jury of his criminal history. In point
of error one, appellant contends his conviction should be reversed because the
prosecutor's improper jury argument constituted a comment on his failure to testify.

 Appellant did not object to any of the alleged prosecutorial misconduct. By
failing to object to the prosecutor's voir dire statements, appellant has presented
nothing for review. See Jenkins v. State, 870 S.W.2d 626, 629 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd). A defendant's failure to object to a jury argument forfeits
his right to complain about the argument on appeal. Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996). Having failed to preserve the alleged errors, appellant
presents nothing for review. Tex. R. App. P. 33.1.

 We overrule points of error one, two, and three.

Sufficiency


 In point of error four, appellant argues the evidence was factually insufficient
to support his conviction for aggravated assault with a deadly weapon.

 In reviewing the factual sufficiency of the evidence, we examine all the
evidence neutrally, and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We will reverse the fact
finder's determination only if a manifest injustice has occurred. Id. In conducting
our analysis, we may disagree with the jury's determination, even if probative
evidence supports the verdict, but must also avoid substituting our judgment for that
of the fact finder. Id. A review of the sufficiency of the evidence requires us to
consider all evidence admitted, including any evidence which may have been
erroneously admitted. Beltran v. State, 728 S.W.2d 382, 389 (Tex. Crim. App. 1987).

 Appellant presented no testimony or evidence. In support of his factual
sufficiency argument, appellant argues that, because the complainant did not identify
appellant, the evidence was so weak as to undermine confidence in the jury's
determination. However, Ella Chatman, the complainant's mother, did identify
appellant as the man who shot her daughter. Despite appellant's argument to the
contrary, there was no evidence Chatman's cataract surgery impaired her vision. In
addition, Leslie Holman testified appellant confessed to the crime. A court of appeals
must show deference to such a jury finding. Cain v. State, 958 S.W.2d 404, 409 (Tex.
Crim. App. 1997). Viewing all the evidence neutrally, the jury could have reasonably
inferred from the evidence that appellant committed the aggravated assault. A jury
decision is not manifestly unjust merely because the jury resolved conflicting views
of evidence in favor of the State. Id. at 410. We will not substitute our judgment for
that of the jury. Id. We hold the evidence was not so obviously weak or greatly
outweighed by contrary proof as to indicate a manifest injustice has occurred.

 Conclusion


 We affirm the judgment.


 

 Frank C. Price

 Justice


Panel consists of Justices Hedges, Jennings, and Price. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.