TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00571-CR







Cynthia Jean Dowdy, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF WICHITA COUNTY, 78TH JUDICIAL DISTRICT

NO. 35,045-B, HONORABLE ROY T. SPARKMAN, JUDGE PRESIDING





 Appellant Cynthia Jean Dowdy was convicted by a jury of possession of
methamphetamine and sentenced to eight years' confinement, suspended for eight years, and a $500
fine. Dowdy appeals, contending that she is entitled to reversal due to (1) comments and questions
by the State prosecutor during voir dire and (2) the introduction of evidence of an extraneous
offense. We will affirm.

 In her first four issues, Dowdy complains of the following statements made by the
prosecutor at the beginning of voir dire, as he explained the voir dire process:


As I stated, I have served on a civil jury before. And for those of you who want to
serve on juries, in this case or in the future, the best way to do that is to say nothing. 
Because if we don't know anything about you, then you're less likely to offend either
side. Because the process of jury selection is not so much selection of jurors that you
want to have on your jury. It's a process of elimination of jurors that you don't want
to have on your jury. What we're seeking is as much information - both parties are. 
And if you talk a lot, then you're likely to offend or scare one of the two sides. So
if you want to serve on the jury, I'd encourage you to be as quiet as possible. But if
you don't want to serve, like most folks, unfortunately, then go ahead, speak up, let
us know your opinions. The only oath that you've taken right now is to give true
answers to all the questions that are given to you. 



Dowdy did not object to the statement. 

 Dowdy contends that the prosecutor's statements amounted to structural error to
which no objection was necessary to preserve error. Alternatively, Dowdy contends that even if an
objection was required, the error rose to the level of fundamental error and deprived her of a fair and
impartial jury.

 Generally, a defendant's failure to timely object to an alleged error waives any
complaint on appeal. Tex. R. App. P. 33.1(a); Norris v. State, 902 S.W.2d 428, 446 (Tex. Crim.
App. 1995). However, some error is of such a magnitude as to constitute a "structural defect
affecting the framework within which the trial proceeds." Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991); Rey v. State, 897 S.W.2d 333, 344-45 (Tex. Crim. App. 1995); see Batiste v. State, 888
S.W.2d 9, 13 (Tex. Crim. App. 1994) ("great majority of constitutional violations" are not structural
error). Structural error occurs only when the error strips a defendant of basic protections without
which a criminal trial cannot reliably determine guilt or innocence. Fulminante, 499 U.S. at 309-10
(structural error in denial of right to self-representation, public trial, or assistance of counsel or in
unlawful exclusion from grand jury based on race); Rey, 897 S.W.2d at 345. Courts have also
considered unpreserved error in limited cases where the error is "fundamental," meaning it was an
error so egregious that it deprived the defendant of a fair and impartial trial. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984).

 Other than "certain federal constitutional errors labeled by the United States Supreme
Court as 'structural,' no error . . . is categorically immune to a harmless error analysis." Cain v.
State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (footnote omitted); see Marin v. State, 851
S.W.2d 275, 278-79 (Tex. Crim. App. 1993) (discussing absolute, waivable-only, and forfeitable
rights). In a harmless-error analysis, the reviewing court must reverse a judgment unless it
determines beyond a reasonable doubt that the constitutional error did not contribute to the
conviction or punishment. Tex. R. App. P. 44.2(a). Other errors that do not affect a defendant's
substantial rights must be disregarded. Id. 44.2(b).

 Dowdy omits from her brief the remainder of the prosecutor's statement:


And where we sometimes come into trouble - And recently we've had to throw out
a trial that took a whole week - is when a juror has information about a past
experience or a strong feeling about the law and they fail to disclose that. And so it
really is important for the system that everyone speak honestly and forthrightly. And
remarkably, in my six years of practice here in Wichita County, people are willing
to tell us things that frankly I don't think they'd tell their closest friends and family
members sometimes. But it's because this is such an important system. It's an
important matter, seeking justice.



Further, Dowdy's attorney addressed the prosecutor's remarks in her own voir dire remarks, stating:



One of the things that [the State] said early on - and it distressed me, and I think he
kind of tried to back up from it, but what he was saying was "Well, say nothing. Say
nothing. Just don't talk. If you want to be on this jury, just don't talk[.]" And not
only are there some recent examples of - particularly criminal cases where there had
to be new trials because jurors didn't - weren't candid, and forthcoming, and so
forth. But I've personally experienced in several cases where we wound up with
exactly that kind of problem. . . . So you know, I know that [the State] didn't really
mean to encourage you not to talk. Okay? And - But it's terribly important. It's
really important.


Later in voir dire, Dowdy's attorney returned to the subject, saying, "[Veniremember], you
remember when you talked about earlier - See, this is what happens. [The State] warned you those
people who talk get called back on it."

 Although the prosecutor may have chosen unfortunate phrasing for his point, we
believe that when read in the context of his entire remark, it is clear that he was not encouraging the
veniremembers to remain silent so much as he was explaining the need for honest and complete
answers. He was appealing to an unfortunate, if common, perception that jury service is a burden
to be avoided if possible. Dowdy's attorney's remarks confirm this and further emphasized the need
for cooperation and disclosure by the panel members.

 Dowdy does not cite any cases in which similar voir dire statements were held to rise
to the level of structural or fundamental error. To the contrary, a defendant's failure to object to
improper voir dire statements has been held to waive the complaint on appeal. Draughon v. State,
831 S.W.2d 331, 336-37 (Tex. Crim. App. 1992); Boyd v. State, 811 S.W.2d 105, 113 (Tex. Crim.
App. 1991); Jenkins v. State, 870 S.W.2d 626, 629 (Tex. App.--Houston [1st Dist.] 1994, pet.
ref'd); see also Hill v. State, 827 S.W.2d 860, 863-64 (Tex. Crim. App. 1992) (indicating that error
related to racially-motivated jury strikes may be waived by failure to object timely); Day v. State,
784 S.W.2d 955, 957 (Tex. App.--Fort Worth 1990, no pet.) (defendant waived complaint related
to juror's qualifications when appellate complaint differed from trial objection). Having reviewed
the record in its entirety, we do not believe that the prosecutor's statement or the district court's
failure to sua sponte declare a mistrial rose to the level of structural or fundamental error. See
Draughon, 831 S.W.2d at 336-37; Boyd, 811 S.W.2d at 113; Jenkins, 870 S.W.2d at 629. Thus, an
objection was necessary to preserve Dowdy's complaint on appeal. No such objection having been
raised, Dowdy has waived her complaint on appeal. Tex. R. App. P. 33.1(a). We overrule Dowdy's
first four issues on appeal.

 In Dowdy's fifth and sixth issues, she contends the prosecutor asked several improper
"commitment" (1) questions of the venirepanel, thus committing structural, or in the very least,
fundamental error.

 The prosecutor posed to the venirepanel the following questions:


 Is there anybody who would require in a possession case an eyewitness who
saw somebody actually holding it? For possession?


 . . . . 


 Anybody who would require an eye-witness about somebody handling a
particular item, or could you infer from the circumstances that a person was in
possession? Could you look at all the facts?


 How about fingerprints? Would somebody require fingerprints on an item
in order to convict in a possession case? Or once again, could you consider all the
facts?


 . . . .


 Anybody require something like medical evidence that a defendant was using
drugs? Or could you just consider the facts - Because, let me tell you, in a court-tried case here in the courtroom, there are rules of evidence that are going to allow
some evidence, and the Judge is rightfully going to disallow some evidence. And I
believe that medical evidence is probably one of those things I've never seen come
in. But I've heard jurors talk about that after trials, which is why I bring that up.


 Anybody have a problem with not requiring medical evidence?

 Dowdy contends that the prosecutor's questions and the district court's failure to sua
sponte declare a mistrial comprise structural or fundamental error. We disagree.

 For the same reasons discussed above, we do not believe that these allegedly improper
voir dire questions rose to the level of structural or fundamental error. The questions did not so
affect the framework of the trial as to undermine the reliability of the jury process. See Fulminante,
499 U.S. at 309-10; Rey, 897 S.W.2d at 345. Nor do we believe they stripped Dowdy of a fair and
impartial trial. See Jimenez v. State, 32 S.W.3d 233, 238 (Tex. Crim. App. 2000). Although the
court of criminal appeals recently discussed the propriety of commitment questions, it did not
indicate that improper commitment questions must be treated as structural or fundamental error. See
Standefer v. State, 59 S.W.3d 177, 180-83 (Tex. Crim. App. 2001). Dowdy has not directed us to
cases holding similar questions to be fundamentally or structurally erroneous.

 By failing to object at trial, Dowdy has waived her complaint on appeal. Tex. R. App.
P. 33.1(a). We overrule Dowdy's fifth and sixth issues on appeal.

 In Dowdy's seventh issue, she again argues that the district court committed structural
or fundamental error by failing to sua sponte declare a mistrial or instruct the jury to disregard
evidence of an extraneous offense introduced by one of the State's witnesses.

 In a pretrial hearing, the district court granted Dowdy's motion in limine barring the
admission of extraneous offense evidence except for possible "same transaction contextual evidence"
related to "what happened that day." At trial, the State called George Kreidler to testify. Kreidler
was arrested with Dowdy by officers who were attempting to serve an arrest warrant on Kreidler. 
During his testimony, the following exchange took place without objection:

Q: [by State] And how did you come to know Ms. Dowdy?


A: I was on drugs back then, so I mean I met her through - I think it was Larry
Teague brought her over one night, and we were all doing some drugs. And I
met her just once prior to her coming over the day of May 21st [the day of the
arrest].



 And when approximately would that have been?




 Oh, probably a couple of months prior to May.




 Kreidler said Dowdy was not at his house for purposes related to his lawnmower-repair business. Dowdy testified on her own behalf that she came to be at Kreidler's house because
she needed her lawnmower repaired. She claimed that when she arrived at his house, Kreidler asked
her to give him a ride to another location and back. She agreed, waited in the car as instructed at the
second location, and then drove him back to his house. When they arrived at his house, she saw
drugs and paraphernalia. She said she was preparing to leave when the police arrived.

 Dowdy contends that Kreidler's testimony that he had met her once before the day
of their arrest and that they "were all doing some drugs" violated the district court's order granting
her motion in limine.

 Even if we assume that Kreidler's testimony was not describing how Dowdy came
to be at his house on the day they were arrested and that it, in fact, violated Dowdy's motion in
limine, we do not believe that the testimony and the district court's failure to act sua sponte to
instruct the jury to disregard the evidence or to declare a mistrial comprised fundamental or structural
error. See Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991) (defendant generally
must "continue to object each time inadmissible evidence is offered"); Gonzales v. State, 685 S.W.2d
47, 50 (Tex. Crim. App. 1985) ("For error to be preserved with regard to the subject matter of [a]
motion in limine[,] it is absolutely necessary that an objection be made at the time when the subject
is raised during the trial."). Dowdy has not provided this Court with any authority holding that the
admission of this type of evidence is fundamentally erroneous or egregiously harmful. In fact,
Dowdy's insistence that the district court should have instructed the jury to disregard the evidence
indicates that the error was mere trial error and thus, required an objection to preserve it. Dowdy has
not preserved her complaint for appeal. See Norris, 902 S.W.2d at 446 (lack of trial objection
waived complaint as to extraneous offense evidence never linked to defendant; objection would have
allowed State to present additional proof or given trial court opportunity to strike testimony). We
overrule Dowdy's seventh issue on appeal.

 We have found that Dowdy failed to preserve any error and have overruled all of her
appellate issues. We affirm the district court's judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish
1. A "commitment" question asks a veniremember to set the hypothetical parameters of her
decision making. Standefer v. State, 59 S.W.3d 177, 180 (Tex. Crim. App. 2001). Not all
commitment questions are improper and objectionable. Id. at 181.