Affirmed and Opinion filed December 6, 2005









Affirmed
and Opinion filed December 6, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01018-CR

____________

 

JOSEPH PETER LEDEE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 980,198

 



 

O P I N I O N

Appellant, Joseph Peter Ledee, appeals
from his conviction for aggravated assault. 
After a bench trial, the trial court found appellant guilty and
sentenced him to 40 years= imprisonment.  In three issues, appellant attacks the legal
and factual sufficiency of the evidence and asserts that he received
ineffective assistance of counsel because his trial counsel failed to move for
a directed verdict.  Appellant=s primary
complaint under each issue is that although the State submitted evidence that
he committed an assault, the State failed to prove that he committed the
assault using the manner and means alleged in the indictment.  We affirm.








Background

The complainant, George Ledee, appellant=s father,
testified that on June 7, 2003, he heard his doorbell ring and saw appellant
standing outside.  Ledee opened the door
and spoke to appellant in a friendly manner. 
Appellant had one hand behind his back and appeared to be holding
something.  Ledee told appellant that
there was food on the stove if he wanted any. 
Ledee then turned his back to walk away. 
He felt something around his neck, Alike a wire or
something,@ but could not tell exactly what it
was.  Appellant choked Ledee for over
fifteen seconds, during which Ledee could not breathe.  Ledee struggled back, and appellant hit him
in the mouth, knocking out at least nine of Ledee=s teeth.  Appellant hit Ledee again just below the eye
and then forced him to the ground.  With
Ledee on the ground, appellant began kicking him, including in the eye.  While he was kicking Ledee, appellant
repeatedly asked AWho did that to you?@ and when Ledee
responded with appellant=s name, appellant would say ANo@ and kick Ledee
again.  At one point, appellant went into
the house and retrieved two bottles of liquor, which he made appellant
drink.  Appellant again asked AWho did that to
you?@ and when Ledee
responded AI don=t know,@ appellant stopped
kicking him.  Ledee then lost
consciousness.

Ledee additionally testified that he permanently
lost vision in one eye, had to have surgery for a broken nose, and received 37
or 47 stitches in his face.  He also
identified the cause of various injuries as shown on a photograph of himself
taken after the attack, including a mark on his neck that he says was caused
when appellant choked him with an object the identity of which he could not
recall.  Additionally, Ledee stated that
after the incident he realized that his wallet and his car were missing.








Sheriff=s Deputy Santos
Torres testified that he was called to the scene of the attack and arrived
while Ledee was in an ambulance.  He
described the blood-stained premises and Ledee=s physical
condition.  He did not notice any marks
on Ledee=s neck.  Ledee told Deputy Torres that he believed his
attacker was appellant but that he could not be certain.  Deputy Roberto Rincon testified that he
talked to Ledee at the hospital after the attack.  According to Rincon, Ledee at first seemed
hesitant to name his attacker but eventually stated that it was appellant.  Ledee appeared fearful during the interview.  Deputy Lee Bumpers testified that he spoke to
Ledee at a substation, and Ledee told him that his son had beaten him and that
he was afraid that his son would return and kill him.  Patrick Robbins testified that he was
arrested in Ledee=s vehicle on June 27, 2003, after having Arented@ it from
appellant.

The indictment charged in the alternative
that on or about June 7, 2003, appellant unlawfully, intentionally, and
knowingly caused bodily injury to Ledee by using a deadly weapon, namely, Ahis hands@ or Aan unknown object@ (emphasis
omitted).  Appellant pleaded true to two
punishment enhancement paragraphs.  After
a bench trial, the trial court found appellant guilty of aggravated assault,
found the enhancement paragraphs to be true, and sentenced appellant to 40
years= imprisonment.

Sufficiency of the Evidence

In his first and second issues, appellant
attacks, respectively, the legal and factual sufficiency of the evidence.  We utilize the well established standards of
review in considering these issues.  See
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (legal sufficiency
standards); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)
(factual sufficiency standards). 
Specifically, appellant maintains that although the State submitted
evidence that he committed an assault, the State failed to prove that he
committed the assault using the manner and means as alleged in the
indictment.  As mentioned, the indictment
alleged that appellant caused bodily injury to Ledee by using a deadly weapon,
either his hands or an unknown object.  Appellant
emphasizes that Ledee testified that the most serious injuries that he
sustained were from appellant=s kicking him and
not from appellant=s hands or an unknown object.  Appellant then asserts that there was no
evidence, or insufficient evidence, that appellant caused serious bodily injury
with his hands.








 The
Penal Code provides alternative means of 
proving aggravated assault.  Here,
the indictment did not charge appellant with causing Aserious bodily injury,@ and it did not
need to in order to charge him with aggravated assault.  Appellant quotes from subsection 22.02(1) of
the Texas Penal Code, which provides that a person commits aggravated assault
if he or she commits assault, defined in section 22.01, and Acauses serious
bodily injury to another.@  Tex. Pen. Code Ann. '' 22.01,
22.02(2).  However, appellant doesn=t discuss
subsection 22.02(2), which provides that a person commits aggravated assault if
he or she commits assault and Auses or exhibits a
deadly weapon during the commission of the assault.@  Id. ' 22.02(2).  By alleging that appellant caused Abodily injury@ by using a deadly
weapon (Ahand@ or Aunknown object@), the indictment
charged appellant under the second subsection of section 22.02 not the
first.  Therefore, the State did not have
to prove that appellant caused Aserious bodily injury.@  See id.  Consequently, appellant=s argument based
on the State=s alleged failure to prove that appellant=s hands caused
serious bodily injury is without merit.

Appellant additionally suggests that when
the State sets forth two alternative theories and obtains a conviction, the
conviction must be reversed on appeal if the State failed to present sufficient
evidence as to each of the theories.[1]  However, the Court of Criminal Appeals has
expressly held the opposite: when an indictment alleges alternative means of
committing an offense, a conviction may be sustained if the evidence is
sufficient to support a finding under any of the theories charged.  See Kitchens v. State, 823 S.W.2d 256,
258 (Tex. Crim. App. 1991).[2]  Appellant=s second argument
is therefore without merit.








Appellant makes no further arguments
regarding the legal or factual sufficiency of the evidence.  Accordingly, we overrule his first two
issues.

Assistance of Counsel

In his third issue, appellant contends
that he received ineffective assistance of counsel because his trial counsel
failed to move for a directed verdict at the close of the State=s case.  Appellant reiterates his argument, discussed
above, that the evidence only demonstrated that appellant may have caused Ledee
serious bodily injury by kicking him and not by using hands or an unknown
object, as charged in the indictment.  He
asserts that trial counsel was deficient in not requesting a directed verdict
on that basis.[3]

We review a charge of ineffective
assistance of counsel under the normal standard of review.  See Strickland v. Washington, 466 U.S.
668, 689 (1984).  Because the evidence
was legally sufficient to support the conviction, a directed verdict would not
have been properly granted.  See
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  Therefore, counsel=s assistance was
not ineffective.  See Jenkins v. State,
870 S.W.2d 626, 630 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d) (holding that failure to request an
instructed verdict after admission of sufficient evidence does not render
counsel ineffective).  Appellant=s third issue is
overruled.

The trial court=s judgment is
affirmed.

 

/s/      Adele Hedges

Chief Justice

 

Judgment
rendered and Opinion filed December 6, 2005.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant cites Bagheri v. State,
87 S.W.3d 657 (Tex. App.CSan Antonio 2002), aff=d, 119 S.W.3d 755 (Tex. Crim. App. 2003), in support
of his contention.  Bagheri,
however, did not involve alternate allegations of manner and means of
committing an offense but involved alternative methods of proof of one
offense.  87 S.W.3d at 660.  The defendant in Bagheri was convicted
of driving while intoxicated.  Id.
at 658.  The State attempted to prove
intoxication both through an intoxilyzer test result, which was improperly
admitted, and other evidence that the defendant was impaired.  Id. at 659.  The jury charge submitted both the Aper se@ and the Aimpairment@ theories of intoxication.  Id. at 660.  The court of appeals reversed the conviction,
concluding that the erroneous admission of the intoxilyzer results was harmful
error under either theory of intoxication. 
Id. at 660-61.  The Court
of Criminal Appeals affirmed, although it questioned the lower court=s analysis and emphasized that the
case dealt with alternate methods of proof, not alternate means of committing
the offense.  119 S.W.3d at 761-63.  The
case presently before us deals with alternate means of committing an offense,
not alternate methods of proof; thus the opinions in Bagheri are not
applicable.





[2]  The Kitchens
opinion discussed the issue in terms of a jury trial and jury charge, but the
court=s reasoning appears equally applicable to a bench
trial.  823 S.W.2d at 258.





[3]  It is
questionable whether a Adirected verdict@ would
ever be appropriate in a bench trial.  See
State v. Lewallen, 927 S.W.2d 737, 739 n.2 
(Tex. App.CFort Worth 1996, no pet.).