Opinion issued April 14, 2005











  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00422-CR
____________
 
ADAM TROY CAMPBELL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 01CR1269
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Adam Troy Campbell, guilty of possession of a firearm
by a felon. The trial court found true the allegations in two enhancement paragraphs,
that appellant had previously been convicted of two felony offenses, and sentenced
appellant to 30 years’ confinement. In four points of error, appellant contends that
the trial court erred in (1) admitting his written statement as the fruit of an unlawful
arrest, (2) admitting his written statement because it was involuntary, (3) denying his
pretrial request and motion for new trial regarding whether the jury should have been
informed of appellant’s prior conviction that made his firearm possession a felony,
and (4) assessing a cruel and unusual punishment. We affirm. 
Background
            On July 10, 2001, Texas City Police Officers William Creel and Oscar Stoker
pulled over a truck in response to a dispatch concerning an assault. The dispatcher
did not give the officer a description of the assailant, but alerted police that there was
possibly a firearm in the truck. After the officers stopped the truck, Texas City Police
Officer Allen Hogan arrived on the scene to assist. 
          The officers saw appellant in the front passenger seat of the truck. Tammy
King, appellant’s cousin, was in the driver’s seat, and there were four other people
in the cab and bed of the truck. King first told Officer Stoker that she knew nothing
about an assault or a handgun. Later, she admitted that she assaulted her boyfriend,
Michael Miller, “with her hand.” When Officer Stoker questioned appellant,
appellant told Stoker to talk to King if he wanted information about the assault. 
While the officers were questioning the occupants of the truck, the victims, Miller
and Larry Seeton, arrived on the scene. The victims identified King as their assailant
and said that they wanted to press charges against her.
          Officer Hogan, noticed a pistol pouch in a partially-opened glove box. He
reached into the glove box and retrieved a handgun. King told the officers that
appellant bought the gun earlier that day. The officers discovered that the gun was
stolen and arrested appellant for theft of a firearm. The police dispatcher told the
officers that the gun was stolen, however, the officers later discovered that the gun
was stolen in 1998, and appellant was not charged with its theft. However, appellant
was later charged with possession of a firearm by a felon. 
          The officers took appellant into custody at 3:43 a.m. on July 10, 2001. 
Appellant, who had taken “some valiums” at 11:30 p.m. the previous evening and had
been drinking since 2:00 p.m. the previous afternoon, slept “a little bit” in a holding
cell. 
          At approximately 8:00 a.m. on the morning of appellant’s arrest, Texas City
Police Detective Paul Edinburgh interviewed appellant. During the interview,
Detective Edinburgh discussed the charge of theft of a firearm with appellant, but did
not mention the charge of possession of a firearm by a felon. Both Detective
Edinburgh and a magistrate judge, whom appellant mistook as “another detective
across the hall,” advised appellant of his legal rights pursuant to article 38.22 of the
Texas Code of Criminal Procedure.


 Appellant agreed to sign a waiver of his rights
and then gave a statement. Detective Joe Stanton served as a witness during
appellant’s waiver of his rights. Detective Edinburgh typed the statement as appellant
spoke and gave appellant an opportunity to request changes before signing the
statement. A couple of hours later, appellant indicated that he had read his legal
warnings, initialed each paragraph, and signed the statement.
          Before trial, appellant moved to suppress his written statement. In his motion,
appellant argued that the statement was based on an improper arrest and was not
voluntary. At the suppression hearing, appellant testified that, during the interview,
Detective Edinburgh told him that giving a statement would likely result in a reduced
charge. Appellant testified that he signed the statement because he thought that he
was facing minor charges, would soon be released, and did not understand that he was
waiving his legal rights. Detective Edinburgh testified that he did not suggest charges
would be reduced. 
          Appellant further testified that he asked Detective Edinburgh to change his
statement from reading “he handed the gun to me and I handed it to her” to “after I
paid him for the gun, she had received her own property,” and although he appeared
to make the correction, Detective Edinburgh did not, in fact, make any changes. 
Detective Edinburgh testified that appellant did not request any additions or deletions
to his statement. 
          Appellant also moved to suppress evidence of his prior felony conviction for
delivery of cocaine. The trial court denied both of appellant’s motions to suppress. 
Motion to Suppress
          In points of error one and two, appellant contends that the trial court erred in
denying his motion to suppress his written statement because it was (1) the fruit of
an unlawful arrest and (2) involuntarily given.
Standard of Review
          In reviewing a motion to suppress evidence, we use a bifurcated standard of
review; we give almost total deference to the trial court’s determination of historical
facts, while conducting a de novo review of the trial court’s application of law to the
facts. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
Fruit of an Unlawful Arrest
          In Texas, warrantless arrests are permitted only when (1) there is probable
cause with respect to that individual and (2) the arrest falls within a statutory
exception. State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). Probable
cause exists when police have “reasonably trustworthy information sufficient to
warrant a reasonable person to believe a particular person has committed or is
committing an offense.” Guzman, 955 S.W.2d at 87. Probable cause deals with
probabilities, not certainties, and requires “more than mere suspicion but far less
evidence than that needed to support a conviction or even that needed to support a
finding by a preponderance of the evidence.” Id. In determining what is
“reasonable,” the court must consider the perspective of a reasonable officer at the
scene, rather than with the advantage of hindsight. Rhodes v. State, 945 S.W.2d 115, 
118 (Tex. Crim. App. 1997). The court must make allowances for the fact that
officers must often make decisions under tense, uncertain, and rapidly changing
circumstances. Id. Under the statutory exceptions, an officer may arrest, without a
warrant, persons “found in suspicious places and under circumstances which
reasonably show that such persons have been guilty of some felony.” Tex. Code
Crim. Proc. Ann. art. 14.03(a)(1) (Vernon Supp. 2004-2005). 
          Appellant does not contest the initial traffic stop or the truck search. He
argues, however, that his warrantless arrest for the theft of a firearm was invalid
because the evidence was insufficient to show that he possessed the stolen gun.
          The evidence shows that appellant sat closest to the gun in the truck. 
Moreover, King told Officer Stoker that the gun belonged to appellant and that
appellant had purchased it. These facts constituted probable cause that appellant
possessed the gun. We hold that, because the officers had probable cause, they did
not need a search warrant to arrest appellant. Thus, the trial court did not err in
admitting appellant’s statement for this reason. 
          We overrule appellant’s first point of error.
Involuntary Statement
          A written statement may be used against a defendant if it is “freely and
voluntarily made without compulsion or persuasion.” Tex. Code Crim. Proc. Ann.
art. 38.21 (Vernon Supp. 2004-2005). The voluntariness of a statement is determined
by weighing the totality of the circumstances. Barefield v. State, 784 S.W.2d 38, 41
(Tex. Crim. App. 1989); Randle v. State, 89 S.W.3d 839, 842 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d). 
           The State has the burden of controverting evidence a defendant presents that
raises a voluntariness question. State v. Terrazas, 4 S.W.3d 720, 725 (Tex. Crim.
App. 1999). This burden only arises, however, if the defendant produces such
evidence. Id. Further, at a suppression hearing, the trial court is the only judge of
witness credibility and the weight of witness testimony. Wyatt v. State, 23 S.W.3d
18, 23 (Tex. Crim. App. 2000). Therefore, trial court findings that are supported by
the record will not be disturbed. Id.
          Here, the trial court, which heard testimony from both appellant and Detective
Edinburgh, made several findings of fact regarding the voluntariness of appellant’s
statement. The trial court found that appellant was advised of and understood his
legal rights, voluntarily waived his legal rights, and voluntarily gave a written
statement. The trial court also found that Detective Edinburgh did not threaten,
coerce, or mistreat appellant, and that he did not promise appellant anything in return
for his waiver of rights and statement. The trial court found that appellant was
allowed to review his statement and request changes and that he made no changes
before signing the statement. Finally, the trial court found that, during his interview,
appellant did not invoke his right to counsel or any other rights under article 38.22
of the Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.22. 
Based on its assessment of witness credibility, the trial court concluded that appellant
voluntarily waived his legal rights and gave the written statement. 
          We will not disturb the trial court’s findings of fact and conclusions of law,
which are supported by the record. See Wyatt, 23 S.W.3d at 23. The record here
supports the trial court’s findings of fact and conclusions of law. Therefore, we hold
that the trial court did not err in admitting appellant’s written statement. See id. at 25.
          We overrule appellant’s second point of error.
 
Prior Conviction
          In his third point of error, appellant contends that the trial court erred in
denying a pretrial request to suppress any evidence relating to the specific offense
found in appellant’s prior conviction for delivery of a controlled substance. 
Appellant also argues that the trial court erred in denying his motion for new trial on
the suppression issue. 
          For a trial court’s suppression ruling, we use the bifurcated standard of review,
discussed in appellant’s first point of error. See Guzman, 955 S.W.2d at 89. We
review a trial court’s ruling on a motion for new trial for an abuse of discretion. State
v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). 
          To obtain a conviction for unlawful possession of a firearm by a felon, the State
must prove the possession of a firearm, plus show the defendant was previously
convicted of a felony and the possession of the firearm occurred before the fifth
anniversary from the defendant’s release from confinement, supervision under
community supervision, parole, or mandatory supervision. Tex. Pen. Code Ann. §
46.04(a)(1) (Vernon Supp. 2004-2005); see Mitschke v. State, 129 S.W.3d 130, 133
(Tex. Crim. App. 2004).
          Here, before the indictment was read to the jury, appellant orally offered to
stipulate that he had a prior felony conviction and asked “to exclude the - - any
evidence of the prior conviction or the nature of the prior conviction based on that
stipulation.” He argued that mentioning “the word ‘cocaine’ or delivery is not
necessary” and would unfairly prejudice the jury. The State responded that the
indictment that was to be read to the jury had to state the underlying felony offense
in order to confer jurisdiction on the trial court. The State further responded that it
had the burden of proof to establish that the present offense occurred within five
years of appellant’s release from his prior felony conviction and that appellant’s oral
stipulation did not reflect appellant’s release date for the underlying offense. In
denying appellant’s request, the trial court commented that “it appears that Texas
Code of Criminal Procedure 36.01 Subsection A(1) requires the State to read the
indictment to the jury and the underlying felony criminal offense as set out in the
indictment.”
          The indictment, containing the prior felony drug conviction, was read to the
jury. Furthermore, over appellant’s objection, the trial court admitted the judgment
from the underlying felony conviction. 
          Because appellant did not offer to stipulate to evidence that would sufficiently
prove the allegations in the indictment, we hold that the trial court did not abuse its
discretion in denying appellant’s motion to suppress and overruling appellant’s
motion for new trial by operation of law. Accordingly, we overrule appellant’s third
point of error.
Cruel and Unusual Punishment
          In his fourth point of error, appellant contends that his 30-year sentence, which
was enhanced due to prior convictions, violates his constitutional right against cruel
and unusual punishment.


 
          After the trial court found that the allegations in two enhancement paragraphs
were true, appellant was sentenced under the habitual felony offender statute, which
provides a punishment range from 25 to 99 years. See Tex. Pen. Code Ann.
§ 12.42(d) (Vernon Supp. 2004-2005). 
          Punishment within statutory boundaries is generally not considered cruel and
unusual. McNew v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978). An
exception to this rule is set out in a three-part analysis in Solem v. Helm. 463 U.S.
277, 291–92, 103 S. Ct. 3001, 3010–11 (1983). The first part of the Solem analysis
compares the punishment against the gravity of the offense. Harmelin v. Michigan,
501 U.S. 957, 1006, 111 S. Ct. 2680, 2707 (1991); Culton v. State, 95 S.W.3d 401,
403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The second and third parts,
which consider sentences imposed on other criminals within the same and other
jurisdictions, are required only if the sentence is found grossly disproportionate to the
offense. Culton, 95 S.W.3d at 403. The trial court’s discretionary determination of
punishment is given a great deal of deference. See Jenkins v. State, 870 S.W.2d 626,
631 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). 
          It is undisputed that the punishment here was within statutory boundaries. 
Because appellant’s 30-year sentence does not pass the “grossly disproportionate”
threshold of the Solem analysis, we need not address the two remaining parts of the
analysis. See Culton, 95 S.W.3d at 403. 
          We overrule appellant’s fourth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).