

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00323-CR

WILLIAM DALE CALHOUN, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
### TRIAL COURT NO. 10566

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant William Dale Calhoun, Jr., appeals his conviction for possession of less than one gram of methamphetamine. In two issues, Calhoun argues that the trial court erred by overruling his motion to suppress and by allowing the

---

[1]*See* Tex. R. App. P. 47.4.

prosecutor to make several comments to the venirepanel during voir dire. We will affirm.

## II. BACKGROUND

Because this appeal pertains to issues regarding pretrial procedures, we detail only the facts pertinent to the substance of those issues. Following a traffic stop, police officers found less than one gram of methamphetamine on the seat of Calhoun's truck. Prior to trial, Calhoun filed a motion seeking to suppress, among other things, the methamphetamine. In his motion and at the suppression hearing, Calhoun asserted that the officer who stopped him lacked a specific, articulable reason to do so.

At the suppression hearing, City of Graham Police Officer Devin Wright testified that during the day on September 1, 2014, his attention was drawn to Calhoun's truck because "the state inspection sticker was obscured by mud." Wright averred that the windshield of Calhoun's truck was approximately six to seven feet away from him when he made this observation. Wright said that he immediately initiated a traffic stop.

After making contact with Calhoun, Wright inquired about the truck's inspection sticker. According to Wright, Calhoun stated that he had covered the inspection sticker with mud and that the inspection sticker was expired. By Wright's account, there was no mud on the windshield "other than what was covering the inspection sticker." Wright also said that there was no mud on any

2

other outside area of the truck. Wright testified that "pretty quick into the traffic stop," Calhoun reached out and wiped the mud from the windshield.

During cross-examination, the defense introduced a still picture captured from video retrieved from Wright's body camera. In the picture, there appears to be some mud obscuring the inspection sticker; however, the month and year are clearly visible. Wright testified that this picture was taken several minutes after the traffic stop, well after the time that Calhoun had wiped some of the mud from the windshield and after Calhoun had been removed from the truck. Although Wright initially testified that Calhoun's arm could be seen in the picture, he later testified that he was mistaken about whose arm was visible in the picture and that given the time the picture was taken, the arm in the picture would have to have been his own.

Following the suppression hearing, the trial court denied Calhoun's motion. After a jury found Calhoun guilty of possession of less than one gram of methamphetamine, the jury assessed punishment at two years' confinement. The trial court entered judgment accordingly and this appeal followed.

### III. DISCUSSION

#### A. A Lawful Traffic Stop

In his second issue, Calhoun argues that the trial court erred by overruling his suppression motion. Specifically, Calhoun argues that the State failed to carry its burden at the suppression hearing of demonstrating that Wright possessed a reasonable suspicion that justified him stopping Calhoun's vehicle.

3

The gist of Calhoun's argument seems to be twofold. First, Calhoun appears to argue that Wright's testimony regarding whether Calhoun's inspection sticker was obscured is not credible. Second, Calhoun seems to argue that the statute which required Calhoun to display an inspection sticker did not require that the inspection sticker be valid or current.

Based on the applicable caselaw, we conclude that the trial court had before it sufficient evidence to support its implied finding that Wright possessed a reasonable suspicion to initiate a traffic stop of Calhoun's vehicle.

### 1. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-

4

of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede*, 214 S.W.3d at 25. We then

5

review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

### 2. *Wright Lawfully Stopped Calhoun*

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede*, 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672; *see Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App.), *cert. denied*, 558 U.S. 1093 (2009). A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Amador*, 221 S.W.3d at 672. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

An officer may stop and detain a driver, rather than arrest the driver, on reasonable suspicion of criminal activity. *Tex. Dep't of Public Safety v. Gilfeather*, 293 S.W.3d 875, 879–80 (Tex. App.—Fort Worth 2009, no pet.) (en banc op. on reh'g) (holding that an officer's stop of a car was justified because the officer reasonably suspected the offense of speeding); *Fowler v. State*, 266 S.W.3d 498, 502 (Tex. App.—Fort Worth 2008, pet. ref'd) (en banc); *see Terry v. Ohio*, 392 U.S. 1, 20–22, 88 S. Ct. 1868, 1879–80 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328–29 (Tex. Crim. App. 2000). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). To these ends, an officer may properly stop and detain an individual to investigate a possible inspection sticker violation when the officer observes some irregularity about the sticker. *Evers v. State*, 576 S.W.2d 46, 49 n.3 (Tex. Crim. App. [Panel Op.] 1979); *see Mills v. State*, Nos. C14-87-00843-CR, 14-87-00844-CR, 1989 WL 1198, at *1–2 (Tex. App.—Houston [14th Dist.] Jan. 12, 1989, no pet.) (not designated for publication) (reasoning that officer was justified in initiating traffic stop because there appeared to be "something wrong with" or "fictitious" about the vehicle's inspection sticker).

In this case, Wright testified that he initiated a traffic stop of Calhoun's vehicle because mud obscured the truck's inspection sticker. Wright further averred that except for the mud that was covering the inspection sticker, neither the remainder of the windshield nor any other outside area of the truck had mud on it. The reasonable inference from this testimony is that Wright believed that Calhoun had purposely covered the inspection sticker to obscure the fact that the inspection sticker had expired. Wright's reasonable suspicion was confirmed when Calhoun explained to Wright that he had purposely covered the portion of the windshield where the inspection sticker was because it was expired.

Calhoun seems to argue that Wright's testimony is not credible because Wright initially testified that it was Calhoun's arm that was visible in the picture taken from Wright's body camera, but he later "was forced to admit" that it was Wright's arm. But our review of the record does not reveal any underhanded intent on the part of Wright. Furthermore, it is the province of the trial court to make credibility and demeanor determinations regarding a witness. *Wiede*, 214 S.W.3d at 24–25.

Calhoun also seems to argue that under the applicable statute, Wright was not justified in stopping Calhoun once Wright had determined that Calhoun's truck had an inspection sticker and that it was not relevant that the sticker was obscured, expired, or invalid. *See* Tex. Trans. Code Ann. § 548.602 (West 2011). Calhoun interprets the statute to mean that Wright could have only stopped Calhoun if the truck had no inspection sticker at all.

8

Calhoun does not point to any caselaw to support his contention, and we have found no such caselaw as well. But numerous cases stand for the proposition that officers are justified in initiating a traffic stop when an inspection sticker is expired, invalid, or otherwise irregular. *See*, *e.g.*, *Myers v. State*, 203 S.W.3d 873, 880 (Tex. App.—Eastland 2006, pet ref'd).

We hold that when viewing the evidence in the light most favorable to the trial court's ruling, the trial court did not err by concluding that Wright possessed a reasonable suspicion to stop and detain Calhoun. *Wiede*, 214 S.W.3d at 24–25. We overrule Calhoun's second issue.

## B.    Complaint Against Prosecutor's Comments is Not Reviewable

In his first issue, Calhoun argues that the trial court erred by allowing the prosecutor to make a series of hypothetical statements about methamphetamine and possession of controlled substances during voir dire. The State responds that Calhoun did not object to these statements when they were made and thus failed to preserve his complaint for our review. We agree with the State.

To preserve error regarding improper voir dire questions or statements, a party must make a specific and timely objection. *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App.), *cert. denied*, 502 U.S. 870 (1991); *Montgomery v. State*, 198 S.W.3d 67, 74 (Tex. App.—Fort Worth 2006, pet. ref'd).

Here, Calhoun did not object to the prosecutor's statements that he now complains of on appeal. Thus, he forfeited our review of these statements. *See Jenkins v. State*, 870 S.W.2d 626, 629 (Tex. App.—Houston [1st Dist.] 1994, no

pet.), *cert. denied*, 516 U.S. 1080 (1996) ("Having failed to object to the prosecutor's statement during voir dire, appellant has preserved nothing for review."). We overrule Calhoun's first issue.

## IV. CONCLUSION

Having overruled both of Calhoun's issues on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2016

10